IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CRANE CO., and DIXIE-NARCO INC., <br><br>       Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> SANDENVENDO AMERICA, INC. and ROYAL VENDORS, INC., <br><br>       Defendants/Counterclaim-Plaintiffs. | Civil Action No. 2:07-cv-42 (TJW) |

**MOTION OF SANDENVENDO AMERICA, INC. AND ROYAL VENDORS, INC. TO LIMIT THE NUMBER OF ASSERTED CLAIMS, <br> WITH MEMORANDUM IN SUPPORT**

COME NOW Defendants SandenVendo America, Inc. ("SandenVendo") and Royal Vendors, Inc. ("Royal Vendors") (collectively, "Defendants") and move, under Fed. R. Civ. P. 16(c), that the Court require Plaintiffs Crane Co. and Dixie-Narco Inc. ("Plaintiffs") to limit the number of asserted patent claims in this lawsuit, and in support thereof show the Court the following:

**SUMMARY**

In its disclosure of asserted claims under P.R. 3-1, Plaintiffs contend that (1) SandenVendo infringes 118 claims of U.S. Patent Numbers 6,230,930, 6,328,180, and 6,513,677 (the "Patents-In-Suit") and (2) Royal Vendors infringes 128 claims of the '930 and '180 Patents. Defendants ask that the Court limit Plaintiffs at this time to fifty (50) total claims per defendant across all Patents-In-Suit, subject of course to amendment for good cause shown pursuant to P.R. 3-6, to more effectively manage the proceedings in this case.

The accompanying memorandum in support is incorporated by reference in this Motion.

## ARGUMENT

I.      The Magnitude of Plaintiffs' Infringement Contentions

Plaintiffs have asserted an unwieldy number of claims against Defendants in this action. The numbers alone are notable: 118 of a possible 211 claims against SandenVendo, and 128 of a possible 196 claims against Royal Vendors.  These numbers, however, do not tell the whole story.

A.      The Court's Management of Plaintiffs' Infringement Case

Viewing the asserted claims in light of the accused products reveals the true magnitude of Plaintiffs' infringement contentions.  Plaintiffs are asserting infringement claims against at least five of Defendants' products, namely SandenVendo's Vendo Vue 30 and Vendo Vue 40 and Royal Vendors' RVV 400, RVV 500, and RVV 500NG.  Plaintiffs' P.R. 3-1 disclosure accuses the Vendo Vue 30 of infringing 118 claims, the Vendo Vue 40 of infringing 118 claims, the RVV 400 of infringing 124 claims, the RVV 500 of infringing 103 claims, and the RVV 500NG of infringing 103 claims – a total of **566** infringement contentions.

If Plaintiffs are serious about including this number of claims in the case, they must discover and present evidence showing 566 separate and distinct instances of infringement. Even assuming that Plaintiffs ultimately attempt to treat some of Defendants' products as insubstantially different (which, based on Plaintiffs' P.R. 3-1 disclosure, may be Plaintiffs' intention with respect to the (1) Vendo Vue 30 and Vendo Vue 40 and (2) RVV 500 and RVV 500NG), Plaintiffs must still prove 345 separate and distinct instances of infringement.[1]

---

[1]      Defendants do not necessarily agree that these products are insubstantially different, but for purposes of this Motion point out that, even if that were the case, well over 300 alleged instances of infringement must still be proven by Plaintiffs.

B.      The Court's Management of the Claim Construction Proceedings

As part of this patent case, the Court will undertake claim construction proceedings including reviewing a Joint Claim Construction and Prehearing Statement (P.R. 4-3); examining the parties' respective Claim Construction Briefing (P.R. 4-5); holding, subject to the convenience of the Court, a Claim Construction Hearing (P.R. 4-6); and ultimately issuing a Claim Construction Order.  The magnitude of Plaintiffs' asserted claims will weigh upon the upcoming claim construction proceedings.

Based on Plaintiffs' decision to assert 118 claims against SandenVendo and 128 claims against Royal Vendors, the number of potentially disputed terms and phrases in the Patents-In-Suit is not only substantial – it is colossal.  To fully consider and properly construe each disputed term/phrase, the Court would need to devote a significant amount of its resources to this single case.

II.     An Eastern District of Texas Court Has Required a Plaintiff to Limit the Number of Asserted Claims in a Similar Unwieldy Patent Case

The relief sought by this Motion is not new to this District.  Judge Folsom, in Data Treasury Corp. v. Wells Fargo and Co., et al., No. 06-CV-00072 DF (E.D. Tex. Oct. 25, 2006, Docket No. 325), on facts similar to those at hand, required plaintiff Data Treasury Corp. to limit its infringement contentions to fifty claims per defendant for all patents-in-suit.[2]  Judge Folsom's Order and Amended Docket Control Order are attached as Exhibit A.

_____

[2]      Cases outside of the Eastern District of Texas have also involved plaintiffs being required to identify a reasonable number of representative claims.  See, e.g., Exhibit B attaching Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P., No. 01-CV-09871 RGK (RCx) (C.D. Cal. Sept. 25, 2002, Docket No. 88) (limiting plaintiff to twenty (20) total claims prior to claim construction); noted with approval in Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P., No. 01-CV-09871 RGK (RCx), 2003 U.S. Dist. LEXIS 23553, at *4 (C.D. Cal. Dec. 2, 2003) ("Due to the large number of patents and claims at issue … the Court ordered Katz to identify no more than three (3) representative claims per patent for its infringement case and no more than twenty (20) claims for a claim construction hearing."); see also ReRoof America, Inc. et al. v.

In Data Treasury Corp., the plaintiff originally asserted 224 claims across six patents. Ex. A, Order at 3.  Although Judge Folsom recognized that the question of whether to require a plaintiff to limit the number of asserted claims "puts two legitimate interests at odds – a patentee's fundamental patent rights and the Court's discretion to manage its docket," he ultimately found that the plaintiff "should be limited … to a reasonable number of representative claims."  Ex. A, Order at 3-4.  That "reasonable number" was fifty (50) claims per defendant for all patents-in-suit.  Ex. A, Order at 4.

Judge Folsom's decision was based on two fundamental findings: (1) asserting voluminous claims frustrates litigation efficiency; and (2) the plaintiff would not be prejudiced by the limited number of claims.  Ex. A, Order at 3-4.  Because the facts of this case support the same two findings, this Court should likewise initially limit Plaintiffs to a "reasonable number" of fifty (50) claims per defendant for all Patents-In-Suit.

    A.    <u>Plaintiffs' Current Voluminous Asserted Claims Will Frustrate Litigation Efficiency and Impede the Resolution of this Dispute</u>

As Judge Folsom noted in Data Treasury Corp., patent cases in which the plaintiff alleges infringement of numerous claims inherently become "extremely burdensome on both the parties and the Court."  Ex. A, Order at 4.  For example, "the potential for jury confusion in a patent case increases exponentially with the number of claims asserted."  Ex. A, Order at 3-4; see also ReRoof America, Inc. et al. v. United Structures of America, Inc., 215 F.3d 1351 (Table), 1999 WL 674517, *6 (Fed. Cir. 1999) (unpublished opinion) ("[T]he risk that a jury will be unduly influenced by the mere number of claims presented by the plaintiff is a justification for a court's

_____

United Structures of America, Inc., 215 F.3d 1351 (Table), 1999 WL 674517, *6 (Fed. Cir. 1999) (unpublished opinion) (plaintiff limited to five (5) asserted claims, discussed infra); Kearns v. General Motors Corp., 31 F.3d 1178 (Table), 1994 WL 386857, *2-3 (Fed. Cir. 1994) (unpublished opinion) (asserted claims limited to "one representative claim per patent," discussed infra.).

attempting to limit the number of claims tried.")  In addition, such cases often are "unmanageable" and feature "a plethora of discovery problems." <u>Ex. A</u>, Order at 3.  Limiting the number of claims reduces the likelihood of such obstacles and, in fact, "help[s] expedite the case and effectuate case management." <u>Ex. A</u>, Order at 4.

In this case, Plaintiffs' numerous claims against at least five accused products will present challenges similar to those identified in <u>Data Treasury Corp</u>.  The inherent obstacles identified above are already manifesting themselves in the early stages of this case, as the infringement claim charts accompanying Plaintiffs' P.R. 3-1 disclosure span **200 single-spaced pages**.  The enormity of Plaintiffs' asserted claims will continue to impede the manageability of this case, from discovery to claim construction to trial.

Plaintiffs' decision to assert voluminous claims against both SandenVendo (118 claims) and Royal Vendors (128 claims) will block the efficient resolution of this case by obstructing effective case management and disrupting the discovery process.  Therefore, Defendants ask that Plaintiffs be required at this stage to limit themselves to a reasonable number of claims.

B.     <u>Plaintiff Would Not be Prejudiced by Limiting the Number of Asserted Claims</u>

The Federal Circuit has expressly recognized that a court may limit the number of asserted claims so long as the party asserting those claims is not prejudiced.  <u>ReRoof America, Inc.</u>, 215 F.3d 1351 (Table), 1999 WL 674517, *4-6 (Fed. Cir. 1999) (unpublished opinion) (plaintiff was not prejudiced when the district court limited plaintiff to just five representative claims); <u>Kearns v. General Motors Corp.</u>, 31 F.3d 1178 (Table), 1994 WL 386857, *2-3 (Fed. Cir. 1994) (unpublished opinion) (affirming dismissal of a patent case where the plaintiff failed to comply with a proper district court order requiring that the plaintiff limit the number of

asserted claims to "one representative claim per patent," rather than all 232 claims in all five patents owned by the plaintiff.).

        1.    <u>Plaintiffs Would Not Be Prejudiced Because there is Substantial Overlap Among the Claims of the Patents-In-Suit</u>

An examination of the Patents-In-Suit shows that the scope of many of the recited claims overlaps substantially.  <u>ReRoof America, Inc.</u>, 1999 WL 674517, *4 (Fed. Cir. 1999) (unlikely that plaintiff was prejudiced because "[t]he various claims of the five patents in suit overlap very substantially.").

To avoid oppressing the Court with a drawn out examination and comparison of all asserted claims, which is exactly the type of case management headache that this Motion is designed to avoid, Defendants provide the following example of overlap from the '930 Patent.

| Claim 20 | Claim 24 | Claim 134 |
|---|---|---|
| A method of vending bottled beverages from a vending machine of the type having a transparent front viewing panel that enables customer viewing of the actual beverages held by the machine and available for vending, comprising the steps of: | A method vending bottled beverages from a vending machine of the type having a transparent front viewing panel that enables customer viewing of the actual beverages held by the machine and available for vending, comprising the steps of: | A method of vending bottled beverages from a vending machine of the type having a transparent front viewing panel that enables customer viewing of the actual beverages held by the machine and available for vending, comprising the steps of: |
| a. aligning a plurality of bottled beverages in at least two ordered queues of said beverages; | a. aligning a plurality of bottled beverages in at least two ordered queues of said beverages; | a. aligning a plurality of bottled beverages in at least two ordered queues of said beverages; |
| b. providing a customer selection input identifiable with at least one of said two ordered queues of beverages; | b. providing a customer selection input identifiable with at least one of said two ordered queues of beverages; | b. providing a customer selection input identifiable with at least one of said two ordered queues of beverages; |
| c. removing a bottled beverage from said one of said ordered queues by | c. removing a bottled beverage from said one of said ordered queues in response to said customer | c. smoothly removing a bottled beverage from said one of said ordered queues by means of a robotic assembly |

| Claim 20 | Claim 24 | Claim 134 |
|---|---|---|
| means of a robotic assembly, in response to said customer selection input; and<br><br>d. smoothly moving said bottled beverage by said robotic assembly in a generally vertical X-Y plane within a vend selection space of the vending machine, to a delivery port of the machine; wherein said removing and moving steps are performed without dropping or subjecting the bottled beverage to sharp impact forces. | selection input; and<br><br>d. moving said removed bottled beverage to a delivery port of the machine positioned at a height of greater than 27 inches above the surface that supports the vending machine; wherein said removing and moving steps are smoothly performed without dropping or subjecting the bottled beverage to sharp impact forces. | in a generally vertical X-Y plane within a vend selection space of the vending machine in response to said customer selection input; and<br><br>d. moving said removed bottled beverage to a delivery port of the machine; wherein said removing and moving steps are smoothly performed without dropping or subjecting the bottled beverage to sharp impact forces. |

Substantial overlap exists not only among these three claims of the '930 Patent, but also among other claims across all of the Patents-In-Suit.  Compare, e.g., claims 20, 24 and 134 of the '930 Patent with claims 8 and 9 of the '180 Patent, and claims 25, 35, 63, 134, 141, 145 and 159 of the '930 Patent with claims 10, 16, 30, 33, 34, 35 and 37 of the '180 Patent, respectively (for the Court's convenience, copies of the claims Patents-In-Suit are attached at Exhibit C). Limiting Plaintiffs to a reasonable number of asserted claims at this time would minimize such undue repetition without prejudice to Plaintiffs.

        2.       Plaintiffs Would Not Be Prejudiced Because Limiting the Number of Asserted Claims Would Not Exclude Any Accused Products from the Infringement Analysis

Limiting the number of asserted claims would not prejudice Plaintiffs by eliminating any of the currently accused products from the lawsuit.  Plaintiffs have accused the SandenVendo Vendo Vue 30 and Vendo Vue 40 of infringing the same 118 claims (72 claims in the '930 Patent, 32 claims in the '180 Patent, and 14 claims in the '677 Patent).  As a result, limiting the number of claims would have no impact on the scope of accused SandenVendo products.  Of the

128 claims asserted against Royal Vendors products, only 29 claims are not asserted against the complete family of RVV 400, RVV 500, and RVV 500NG products.  Plaintiffs would not be prejudiced by focusing the number of asserted claims while still maintaining infringement contentions against all three Royal Vendors products.

Further, this limitation is not intended to prevent Plaintiffs from amending their contentions at a later date to drop some of the claims asserted and add others if they can show the requisite good cause under this Court's Patent Rules.  And, of course, it is quite likely that Plaintiffs will seek to submit only a much smaller subset of the claims at trial.  The intent of this Motion is simply to require Plaintiffs to exercise some judgment earlier rather than later as far as which claims they may eventually seek to submit to the jury, so that the parties can focus on the truly important issues in this case.  Plaintiffs' failure to do so at this stage will subject both the parties and the Court to a substantial amount of work on claims that may not even be asserted at trial.

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court to limit the number of asserted claims in this case to no more than fifty (50) per defendant, pending further order of the Court. A Proposed Order is attached at <u>Exhibit D</u>.

Dated:  November 9, 2007                    Respectfully submitted,

                                           /s/  Paul R. Morico

                                           Scott F. Partridge
                                           Lead Attorney
                                           Texas State Bar No. 00786940
                                           BAKER BOTTS L.L.P.
                                           One Shell Plaza
                                           910 Louisiana Street
                                           Houston, Texas 77002
                                           Tel.: (713) 229-1569
                                           Fax: (713) 229-7769
                                           scott.partridge@bakerbotts.com

                                           OF COUNSEL:
                                           Paul R. Morico
                                           Texas State Bar No. 00792053
                                           BAKER BOTTS L.L.P.
                                           One Shell Plaza
                                           910 Louisiana Street
                                           Houston, Texas 77002
                                           Tel.: (713) 229-1732
                                           Fax: (713) 229-7732
                                           paul.morico@bakerbotts.com

                                           Michael C. Smith
                                           Texas State Bar No. 18650410
                                           THE ROTH LAW FIRM
                                           PO Box 876
                                           115 North Wellington, Suite 200
                                           Tel: (903) 935-1665
                                           Fax: (903) 935-1797
                                           ms@rothfirm.com

                                           **ATTORNEYS FOR DEFENDANT**
                                           **SANDENVENDO AMERICA, INC.**

                                           /s/  J. Bennett Clark
                                           Kenneth J. Mallin
                                           kjmallin@bryancave.com
                                           J. Bennett Clark
                                           jbclark@bryancave.com
                                           Robert G. Lancaster
                                           rglancaster@bryancave.com

Jason P. Kelly
jason.kelly@bryancave.com
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Tel: (314) 259-2000
Fax: (314) 259-2020

E. Glenn Thames, Jr.
Texas Bar No. 00785087
glennthames@potterminton.com
POTTER MINTON
P.O. Box 359
500 Plaza Tower
110 N. College
Tyler, TX  75702
Tel:  (903) 597-8311
Fax:  (903) 593-0846

**ATTORNEYS FOR DEFENDANT
ROYAL VENDORS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 9, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  All other counsel of record will be served by first class mail.

/s/  J. Bennett Clark

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that E. Glenn Thames, Jr., counsel for defendant Royal Vendors, Inc., on behalf of both defendants, conferred with counsel for plaintiffs in good faith but the parties have been unable to reach agreement.  Therefore, this motion is opposed.

/s/  J. Bennett Clark