IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CRANE CO., and DIXIE-NARCO INC., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2-07-cv-00042-TJW |
| SANDENVENDO AMERICA, INC. and ROYAL VENDORS, INC. | § § § | JURY DEMANDED |
| Defendants. | § § | |

# DEFENDANT ROYAL VENDORS, INC.'S FIRST AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Royal Vendors, Inc. ("Royal") answers the Amended Complaint of Plaintiffs Crane Co. and Dixie-Narco, Inc. (collectively "Plaintiffs"), and sets forth affirmative and other defenses and counterclaims as follows:

## I.

## **PARTIES**

1. Royal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint and on that basis denies them.

2. Royal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and on that basis denies them.

3. Royal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint and on that basis denies them.

4. Royal admits that it is a Missouri corporation with its principal place of business in St. Louis, Missouri, but denies that it has committed any acts of patent infringement in this or any other judicial district.

## II.

## JURISDICTION AND VENUE

5. This Paragraph states legal conclusions to which no response is required. To the extent any of the allegations in Paragraph 5 are deemed factual in nature, Royal admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and that Plaintiffs allege patent infringement under Title 35 of the United States Code, but denies that it has committed any acts of infringement in this or any other judicial district.

6. Royal admits that venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b), but denies that it has committed any acts of infringement in this judicial district or in any other judicial district.

7. Royal admits that it transacts business in the State of Texas, including limited business in the Eastern District of Texas, but denies that it has committed any acts of patent infringement in this or any other judicial district. Royal denies all allegations of Paragraph 7 not specifically admitted herein.

## III.

## PATENT INFRINGEMENT

8. Royal repeats and realleges its answers to Paragraphs 1 to 7 of the Amended Complaint as if fully set forth herein.

9. Royal admits that U.S. Patent No. 6,230,930 ("the '930 Patent") appears to have issued May 15, 2001 to Gross-Given Manufacturing Company as Assignee of Steven W.

Sorensen, James E. Skavnak, Thomas F. Gotich, Scott Hudis, and Joseph A. Lotspeich. Royal states that Exhibit A appears to be a copy of the '930 Patent, which document speaks for itself. Royal denies all allegations of Paragraph 9 not specifically admitted herein.

      10.      Royal admits that U.S. Patent No. 6,328,180 ("the '180 Patent") appears to have issued December 11, 2001 to Gross-Given Manufacturing Company as Assignee of Steven W. Sorensen, James E. Skavnak, Thomas F. Gotich, Scott Hudis, and Joseph A. Lotspeich. Royal states that Exhibit B appears to be a copy of the '180 Patent, which document speaks for itself. Royal denies all allegations of Paragraph 10 not specifically admitted herein.

      11.      Royal admits that U.S. Patent No. 6,513,677 ("the '677 Patent") appears to have issued February 4, 2003 to Gross-Given Manufacturing Company as Assignee of Steven W. Sorensen, James E. Skavnak, Thomas F. Gotich, Scott Hudis, and Joseph A. Lotspeich. Royal states that Exhibit C appears to be a copy of the '677 Patent, which document speaks for itself. Royal denies all allegations of Paragraph 11 not specifically admitted herein.

      12.      Royal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint and on that basis denies them.

      13.      Royal denies the allegations of Paragraph 13 of the Amended Complaint. Because Plaintiffs have represented that they are not alleging that Royal has infringed the '677 Patent, this answer, affirmative defenses, and counterclaim does not address the '677 Patent.

      14.      Royal denies the allegations of Paragraph 14 of the Amended Complaint.

      15.      Royal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint and on that basis denies them.

16.     Royal denies the allegations of Paragraph 16 of the Amended Complaint.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Royal denies that Plaintiffs are entitled to any relief in this action, either as requested in the Amended Complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiffs' Amended Complaint, and as additional defenses thereto, Royal asserts the following affirmative and other defenses, without assuming the burden of proof where such burden would otherwise be on Plaintiffs.  Royal reserves the right to amend its Answer as additional information becomes available and/or is otherwise discovered.

## First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

## Second Defense

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the application that matured into the '930 Patent, and in particular, the applicants and/or their representative(s) and/or agent's remarks, representations, concessions, amendments and/or admissions during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed any claims of the '930 Patent.

## Third Defense

Upon information and belief, by reason of the proceedings in the USPTO during the prosecution of the application that matured into the '180 Patent, and in particular, the applicants' and/or their representative(s)' and/or agent's remarks, representations, concessions, amendments

and/or admissions during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed any claims of the '180 Patent.

### Fourth Defense

Upon information and belief, Royal states that Plaintiffs are wholly or partially barred from the relief sought because the '930 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Defense

Upon information and belief, Royal states that Plaintiffs are wholly or partially barred from the relief sought because the '180 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Sixth Defense

Royal has not infringed, contributed to the infringement of, and/or induced the infringement of any valid and enforceable claim of the '930 Patent.

### Seventh Defense

Royal has not infringed, contributed to the infringement of, and/or induced the infringement of any valid and enforceable claim of the '180 Patent.

### Eighth Defense

Upon information and belief, Plaintiffs are wholly or partially barred from the relief sought because Plaintiffs never marked the products produced under the patents at issue as required by 35 U.S.C. § 287.

**Ninth Defense**

Upon information and belief, Royal states that Plaintiffs are wholly or partially barred from the relief sought because the delay of Plaintiffs in asserting any rights under the patents at issue justifies invocation of the doctrines of laches and estoppel.

**Tenth Defense**

Upon information and belief, Royal states that Plaintiffs are barred from the relief sought because each of the claims of the '930 and '180 Patents are unenforceable due to inequitable conduct and/or a violation of the duty of candor owed to the USPTO by the applicants' and/or their patent prosecuting attorneys (hereinafter, "the Patent Prosecution Attorneys") during the prosecution of the applications that matured into the '930 and '180 Patents.

Upon information and belief, while prosecuting the '930 and '180 Patents, the applicants and/or their Patent Prosecution Attorneys failed to disclose to the USPTO information material to the patentability of the '930 and '180 Patents, with intent to deceive the USPTO. This withheld information includes at least United States Patent Number 5,881,911, issued March 16, 1999 to The Coca-Cola Company as Assignee of Crystal Gaye Burdette and Eddie Wayne King ("the '911 Patent," attached as Exhibit A).

The '911 Patent issued on March 16, 1999. Upon information and belief, the Patent Prosecution Attorneys first learned of the '911 Patent at least as early as June 28, 1999, as presently evidenced by, at least, the document produced by Plaintiffs at CRAN00870613 – CRAN00870619. Upon information and belief, the referenced document is an (albeit incomplete) copy of the '911 Patent printed from the USPTO's Patent Full-Text and Full-Page Image Database on June 28, 1999 and maintained in the files of the Patent Prosecution Attorneys. Evidently, this document was formerly listed at Entry 193 on Plaintiffs'

Supplemental First Amended Privilege Log and asserted to be subject to the attorney work product doctrine. Entry 193 referenced "US Patent No 5,881,911," in the context of "Attorney notes regarding research and legal analysis of patents." The authors were said to be "Merchant & Gould (individual attorney(s) not identified)." The date of the document was said to be June 28, 1999, which was during prosecution of the applications which led to issuance of the '930 and '180 patents.

Assuming that the patent copy bearing numbers CRAN00870613 – CRAN00870619 was in fact the document referenced at Entry 193, Plaintiffs subsequently removed the document from their Supplemental First Amended Privilege Log and produced it to Royal on February 3, 2009, claiming that the listing of the document on Plaintiffs' Supplemental First Amended Privilege Log was an "inadvertent error."

The Patent Prosecution Attorneys had both the duty and ample opportunity to disclose the '911 Patent to the USPTO, as the applications that matured into the '930 and '180 Patents were both pending before the USPTO on June 28, 1999. On February 18, 2000, after the Patent Prosecution Attorneys first learned of the '911 Patent on June 28, 1999, the Patent Prosecution Attorneys filed a Supplemental Information Disclosure Statement with the USPTO concerning the application that matured into the '930 Patent. The February 18, 2000 Supplemental Information Disclosure Statement did not disclose the '911 Patent to the USPTO.

On February 18, 2000, after the Patent Prosecution Attorneys first learned of the '911 Patent on June 28, 1999, the Patent Prosecution Attorneys filed a Supplemental Information Disclosure Statement with the USPTO concerning the application that matured into the '180 Patent. The February 18, 2000 Supplemental Information Disclosure Statement did not disclose the '911 Patent to the USPTO.

The '930 Patent issued on May 15, 2001, at least approximately nearly two years after the Patent Prosecution Attorneys first learned of the '911 Patent on June 28, 1999. The '180 Patent issued on December 11, 2001, at least approximately two and a half years after the Patent Prosecution Attorneys first learned of the '911 Patent on June 28, 1999.

The materiality of the '911 Patent is reflected, in part, by the fact that the USPTO cited to and relied on the '911 Patent in finding substantial new questions of patentability concerning claims of the '930 and '180 Patents asserted by Plaintiffs against Royal and SandenVendo America, Inc. ("SandenVendo") in this lawsuit. The USPTO has further cited to and relied on the '911 Patent in *Ex Parte* Reexamination Office Actions, finding claims of the '930 and '180 Patents asserted by Plaintiffs against Royal and SandenVendo to be unpatentable in view of the '911 Patent's disclosure.

The '930 and '180 Patents are unenforceable due to the inequitable conduct of the applicants and/or their Patent Prosecution Attorneys.

### **Eleventh Defense**

Upon information and belief, Royal states that Plaintiffs are barred from the relief sought because each of the claims of the '930 and '180 patents are unenforceable due to inequitable conduct and/or a violation of the duty of candor owed to the USPTO by at least named inventors Steven Sorensen and/or Thomas Gotich during the prosecution of the applications that matured into the '930 Patent and the '180 Patent.

Upon information and belief, during prosecution of the '930 and '180 Patents, the applicants and/or their Patent Prosecution Attorneys failed to disclose to the USPTO information material to the patentability of the '930 and '180 Patents, with intent to deceive the USPTO. This withheld information includes at least the prior art Compu-Shop, Inc. vending machine

which was in use at the Four Points Sheraton Hotel in Minneapolis, Minnesota, and likely elsewhere, at least as early as January 1997 (hereinafter, "the Compu-Shop Vendor"). The Compu-Shop Vendor incorporates, reflects, and/or practices the inventions disclosed in and/or claimed by United States Patent Number 5,499,707, issued March 19, 1996 to Compu-Shop, Inc. as Assignee of Rudy Steury ("the '707 Patent").

On information and belief, a Compu-Shop, Inc. vending machine with features identical or similar to the Compu-Shop Vendor was in use at the Sheraton Midtown Atlanta Hotel at Colony Square (now the W Hotel Atlanta Midtown) in Atlanta, Georgia beginning in approximately 1995. On information and belief, Compu-Shop, Inc. vending machines with features identical or similar to the Compu-Shop Vendor were in use at various hotels in the Minneapolis, Minnesota metropolitan area beginning in approximately 1997.

Mr. Sorensen and/or Mr. Gotich first learned of the Compu-Shop Vendor at least as early as January of 1997, and visited the Four Points Sheraton hotel in Minneapolis, Minnesota for the specific purpose of examining, inspecting, and analyzing the Compu-Shop Vendor in connection with their development of the alleged inventions of the '930 Patent and the '180 Patent. Upon information and belief, the examination, inspection, and analysis of the Compu-Shop Vendor by Mr. Sorensen and/or Mr. Gotich was documented at least in notes taken by Mr. Gotich.

Upon information and belief, Mr. Sorensen and/or Mr. Gotich reported on the results of the examination, inspection, and/or analysis of the Compu-Shop Vendor to (a) at least eight other persons, including the other named inventors of the '930 and '180 Patents, and (b) Paul Ihn, at the time a Vice President of Engineering at Gross-Given Manufacturing, Co. and the primary liaison between the named inventors and the attorneys involved in the prosecution of the

applications that matured into the '930 and '180 Patents. These reports were made at least in part because "some aspects of it were interesting."

Prior to and during prosecution of the patents-in-suit, Messrs. Sorenson and Gotich were aware they were under a duty to disclose information material to patentability, as evidenced in part by the Combined Declaration and Power of Attorney, executed by each of them on December 4, 1997 and produced by Plaintiffs at CRAN00517 – CRAN00520, which includes a recitation of their "duty to disclose information material to patentability" under 37 C.F.R. § 1.56.

Mr. Sorensen and/or Mr. Gotich had ample opportunity to disclose the Compu-Shop Vendor to the USPTO, as the applications that matured into the '930 and '180 Patents had not been filed when they examined, inspected, and analyzed the Compu-Shop Vendor and reported the results to others, as referenced above. After Mr. Sorensen and/or Mr. Gotich first learned of the Compu-Shop Vendor in approximately January, 1997, various Information Disclosure Statements were filed in connection with the applications that matured into the '930 Patent and the '180 Patent – none of which disclosed the Compu-Shop Vendor to the USPTO.

The '930 Patent issued on May 15, 2001, more than four years after Mr. Sorensen and Mr. Gotich first learned of the Compu-Shop Vendor in January, 1997. The '180 Patent issued on December 11, 2001, nearly five years after Mr. Sorensen and Mr. Gotich first learned of the Compu-Shop Vendor in January, 1997.

The materiality of the Compu-Shop Vendor is reflected, at least in part, by the facts that (a) Mr. Sorensen and/or Mr. Gotich visited the Four Points Sheraton hotel in Minneapolis, Minnesota for the specific purpose of examining, inspecting, and analyzing the Compu-Shop Vendor in connection with their development of the alleged inventions of the '930 and '180 Patents and (b) reported on the results of the examination, inspection, and/or analysis of the

Compu-Shop Vendor to numerous others, including the other named inventors and Mr. Ihn, at least in part because "some aspects of it were interesting."

Upon information and belief, the materiality of the Compu-Shop Vendor is reflected, at least in part, by the fact that certain claims of the '930 Patent and the '180 Patent are invalid in light of the Compu-Shop Vendor in view of one or more other prior art references.

Consequently, the '930 and '180 Patents are unenforceable due to the inequitable conduct of two or more of the named inventors, and/or the Patent Prosecuting Attorneys.

### **Twelfth Defense**

By reason of proceedings in the USPTO during e*x parte* reexamination of the '930 Patent and, in particular, the remarks, representations, concessions, amendments and/or admissions of Crane Co. and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed any of the claims of the '930 Patent.

### **Thirteenth Defense**

By reason of the proceedings in the USPTO during the e*x parte* reexamination of the '180 Patent and, in particular, the remarks, representations, concessions, amendments and/or admissions of Crane Co. and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed any of the claims of the '180 Patent.

### **Fourteenth Defense**

Plaintiffs are wholly or partially barred from the relief sought to the extent Plaintiffs assert, in their previously issued form, any claims of the '930 Patent against Royal that have been amended during the course of any *ex parte* reexamination of the '930 Patent, as Plaintiffs

are precluded and estopped from asserting that Royal has infringed previously-issued claims that have subsequently been amended.

### Fifteenth Defense

Plaintiffs are wholly or partially barred from the relief sought to the extent Plaintiffs assert, in their previously issued form, any claims of the '180 Patent against Royal that have been amended during the course of any e*x parte* reexamination of the '180 Patent, as Plaintiffs are precluded and estopped from asserting that Royal has infringed previously-issued claims that have subsequently been amended.

### Sixteenth Defense

Plaintiffs are wholly or partially barred from the relief sought to the extent Plaintiffs assert any claims of the '930 Patent against Royal that have been or are cancelled during the course of any e*x parte* reexamination of the '930 Patent, as Plaintiffs are precluded and estopped from asserting that Royal has infringed claims that have been cancelled.

### Seventeenth Defense

Plaintiffs are wholly or partially barred from the relief sought to the extent Plaintiffs assert any claims of the '180 Patent against Royal that have been or are cancelled during the course of any e*x parte* reexamination of the '180 Patent, as Plaintiffs are precluded and estopped from asserting that Royal has infringed claims that have been cancelled.

### Eighteenth Defense

Plaintiffs are wholly or partially barred from the relief sought because of the doctrine of intervening rights.

WHEREFORE, Royal denies that Plaintiffs are entitled to any relief as prayed for in the Amended Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

 A. Dismissing Plaintiffs' Amended Complaint against Royal with prejudice;

 B. Finding that Royal has not infringed and is not infringing any of the claims of the '930 Patent and the '180 Patent;

 C. Finding that each claim of the '930 Patent and the '180 Patent is invalid;

 D. Finding that each claim of the '930 Patent and the '180 Patent is unenforceable;

 E. Enjoining Plaintiffs and/or any of their respective officers, directors, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the '930 and '180 Patents against Royal or any of Royal's customers, agents, successors and assigns;

 F. Finding that this is an exceptional case and awarding to Royal attorney's fees pursuant to 35 U.S.C. § 285;

 G. Awarding to Royal its costs and expenses; and

 H. Awarding to Royal such other and further relief as the Court may deem just and proper under the circumstances.

## COUNTERCLAIMS

Comes now Defendant-Counterclaim Plaintiff Royal Vendors, Inc. ("Royal") and, for its Counterclaims against Crane Co. and Dixie-Narco, Inc. (collectively "Counterclaim-Defendants"), states as follows:

### Nature of the Action

1. These Counterclaims seek, <u>inter</u> <u>alia</u>, a judgment declaring that the claims of United States Patents 6,230,930 ("the '930 Patent") and 6,328,180 ("the '180 Patent") are invalid, unenforceable and/or not infringed by Royal.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 38 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* The causes of action for patent infringement arise under 35 U.S.C. § 271 and under the patent laws of the United States of America, Title 35, United States Code. Venue lies in this district under 28 U.S.C. §§ 1400(b) and 1391, this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists among the parties.

### The Parties

3. Royal Vendors, Inc. ("Royal") is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 300 Hunter Avenue, St. Louis, Missouri 63124.

4. Upon information and belief, Crane Co. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the State of

Connecticut, and Dixie-Narco, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the State of South Carolina.

**Acts Giving Rise to the Counterclaims**

5. On February 6, 2007 Crane commenced a civil lawsuit against Royal alleging that Royal infringed one or more of the claims of the '930 Patent, the '180 Patent, and (apparently) the '677 Patent.[1] On May 30, 2007, Counterclaim-Defendants filed an Amended Complaint adding Dixie-Narco as a party plaintiff and alleging infringement of the same patents.

6. By such actions, Counterclaim-Defendants created an actual and justiciable case and controversy between Counterclaim-Defendants and Royal concerning whether the claims of the '930 and '180 Patents are valid and/or enforceable, as well as whether Royal is infringing any valid and/or enforceable claim of the '930 or '180 Patents.

7. Royal has not infringed, and is not infringing, any claim(s) of the '930 or '180 Patents.

**COUNTERCLAIM COUNT I**

**Declaratory Judgment of Invalidity
and Non-Infringement of U.S. Patent No. 6,230,930
(28 U.S.C. §§ 2201 and 2202)**

8. Royal incorporates by reference each and every allegation set forth in Paragraphs 1 through 7 of this Counterclaim as if fully set forth and restated herein.

---

[1] In Paragraph 13 of the Amended Complaint, Counterclaim-Defendants seem to allege infringement of the '677 Patent by Royal. However, in footnote 1, Counterclaim-Defendants state that they are not contending that Royal infringes the '677 Patent in this district. Counsel for plaintiffs subsequently represented to counsel for Royal that the '677 Patent is not asserted against Royal in this action. Indeed, Counterclaim-Defendants have not asserted any specific claims of the '677 Patent against Royal under the Court's Patent Rule infringement disclosure provisions or otherwise. Accordingly, Royal is proceeding in the belief that the '677 Patent is in fact not asserted against it. Royal expressly reserves the right to amend this answer and counterclaim should Counterclaim-Defendants change course and seek to assert the '677 Patent against Royal.

9. Upon information and belief, all of the claims of the '930 Patent are invalid and void for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

10. By reason of the proceedings in the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the application that matured into the '930 Patent and, in particular, the applicants' and/or their representative(s) and/or agents' remarks, representations, concessions, amendments and/or admissions during those proceedings, Counterclaim-Defendants are precluded and estopped from asserting that Royal has infringed any of the claims of the '930 Patent.

11. By reason of the proceedings in USPTO during the e*x parte* reexamination of the '930 Patent, and in particular, the remarks, representations, concessions, amendments and/or admissions of Crane Co. and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed any of the claims of the '930 Patent.

12. By reason of the proceedings in USPTO during the *ex parte* reexamination of the '930 Patent, and in particular, the amendments to previously-issued claims made during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed any of the previously-issued claims of the '930 Patent that have subsequently been amended.

13. Any claims of the '930 Patent that may not, <u>arguendo</u>, be held invalid and/or void are so restricted in scope that Royal has not infringed, and does not infringe, upon any such claims.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity
### and Non-Infringement of U.S. Patent No. 6,328,180
### (28 U.S.C. §§ 2201 and 2202)

14. Royal incorporates by reference each and every allegation set forth in Paragraphs 1 through 13 of this Counterclaim as if fully set forth and restated herein.

15. Upon information and belief, all of the claims of the '180 Patent are invalid and void for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. By reason of the proceedings in the USPTO during the prosecution of the application that matured into the '180 Patent, and in particular, the applicants' and/or their representative(s) and/or agents' remarks, representations, concessions, amendments and/or admissions during those proceedings, Counterclaim-Defendants are precluded and estopped from asserting that Royal has infringed upon any of the claims of the '180 Patent.

17. Upon information and belief, by reason of the proceedings in USPTO during the *ex parte* reexamination of the '180 Patent and, in particular, the remarks, representations, concessions, amendments and/or admissions of Crane Co. and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed upon any of the claims of the '180 Patent.

18. By reason of the proceedings in USPTO during the e*x parte* reexamination of the '180 Patent and, in particular, the amendments to previously-issued claims made during those proceedings, Plaintiffs are precluded and estopped from asserting that Royal has infringed upon any of the previously-issued claims of the '180 Patent that have subsequently been amended.

19. Any claims of the '180 Patent that may not be, <u>arguendo</u>, held invalid and/or void are so restricted in scope that Royal has not infringed, and does not infringe, any such claims.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Unenforceability of U.S. Patent No. 6,230,930

20. Royal incorporates by reference each and every allegation set forth in Paragraphs 1 through 19 of this First Amended Counterclaim as if fully set forth and restated herein.

21. Royal incorporates by reference each and every allegation set forth in the Tenth Defense of its First Amended Answer as if fully set forth and restated herein.

22. Royal incorporates by reference each and every allegation set forth in the Eleventh Defense of its First Amended Answer as if fully set forth and restated herein.

23. Upon information and belief, each of the claims of the '930 Patent are unenforceable for the failure to comply with the duty to disclose information material to patentablity under 37 C.F.R. § 1.56 and/or due to inequitable conduct on behalf of the applicants for the '930 Patent and/or their representative(s), agent(s) and/or attorney(s).

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unenforceability of U.S. Patent No. 6,328,180

24. Royal incorporates by reference each and every allegation set forth in Paragraphs 1 through 23 of this First Amended Counterclaim as if fully set forth and restated herein.

25. Royal incorporates by reference each and every allegation set forth in the Tenth Defense of its First Amended Answer as if fully set forth and restated herein.

26. Royal incorporates by reference each and every allegation set forth in the Eleventh Defense of its First Amended Answer as if fully set forth and restated herein.

27. Upon information and belief, each of the claims of the '180 Patent are unenforceable for the failure to comply with the duty to disclose information material to patentablity under 37 C.F.R. § 1.56 and/or due to inequitable conduct on behalf of the applicants for the '180 Patent and/or their representative(s), agent(s) and/or attorney(s).

WHEREFORE, Counterclaim-Plaintiff Royal respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendants:

    A.    Declare that Royal has not infringed and is not infringing any of the claims of the '930 Patent and the '180 Patent;

    B.    Declare that each claim of the '930 Patent and the '180 Patent is invalid and of no force or effect;

    C.    Declare that the '930 Patent and the '180 Patent are unenforceable;

    D.    Declare that this is an exceptional case due to inequitable conduct;

    E.    Permanently enjoin Counterclaim-Defendants and its officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Royal and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of the '930 Patent and the '180 Patent;

    F.    Award Royal its costs and reasonable attorneys' fees incurred in connection with this action; and

    G.    Award and grant Royal such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 23, 2009　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　By:　*/s/ E. Glenn Thames, Jr.*
　　　　　　　　　　　　　　　　　　E. Glenn Thames, Jr.
　　　　　　　　　　　　　　　　　　Texas Bar No. 00785097
　　　　　　　　　　　　　　　　　　glennthames@potterminton.com
　　　　　　　　　　　　　　　　　　POTTER MINTON
　　　　　　　　　　　　　　　　　　A Professional Corporation
　　　　　　　　　　　　　　　　　　110 North College
　　　　　　　　　　　　　　　　　　500 Plaza Tower
　　　　　　　　　　　　　　　　　　Tyler, Texas 75702
　　　　　　　　　　　　　　　　　　(903) 597-8311
　　　　　　　　　　　　　　　　　　(903) 593-0846 (fax)

　　　　　　　　　　　　　　　　　　Kenneth J. Mallin
　　　　　　　　　　　　　　　　　　kmallin@bryancave.com
　　　　　　　　　　　　　　　　　　J. Bennett Clark
　　　　　　　　　　　　　　　　　　ben.clark@bryancave.com
　　　　　　　　　　　　　　　　　　K. Lee Marshall
　　　　　　　　　　　　　　　　　　klmarshall@bryancave.com
　　　　　　　　　　　　　　　　　　Nick E. Williamson
　　　　　　　　　　　　　　　　　　nick.williamson@bryancave.com
　　　　　　　　　　　　　　　　　　BRYAN CAVE LLP
　　　　　　　　　　　　　　　　　　One Metropolitan Square
　　　　　　　　　　　　　　　　　　211 N. Broadway, Ste. 3600
　　　　　　　　　　　　　　　　　　St. Louis, Missouri 63102-2750
　　　　　　　　　　　　　　　　　　(314) 259-2000
　　　　　　　　　　　　　　　　　　(314) 259-2020 (fax)

　　　　　　　　　　　　　　　　　　Attorneys for Royal Vendors, Inc.

**CERTIFICATE OF SERVICE**

　　The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 23, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail.

　　　　　　　　　　　　　　　　　　　　*/s/ E. Glenn Thames, Jr.*
　　　　　　　　　　　　　　　　　　　　E. Glenn Thames, Jr.